UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BOBBY RALEIGH,

        Petitioner,

v.                                            Case No. 6:07-cv-37-Orl-19KRS

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

        Respondents.

_____

## ORDER

Petitioner filed a Motion to Hold Proceedings in Abeyance (Doc. No. 22, filed September 4, 2007). Pursuant to this Court's order, Respondents filed a response to the motion (Doc. No. 24). Petitioner then filed a supplement to the motion (Doc. No. 29) to which Respondents filed a response (Doc. No. 30). Petitioner seeks a stay of the proceedings in order to exhaust in the state courts claim eight of the amended habeas petition.

The United States Supreme Court has explained when a district court should grant a motion to stay a mixed petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254:

> [I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the

> petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed petition.

*Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Petitioner seeks to stay the instant proceeding in order to exhaust his eighth claim, that Florida's lethal injection procedure violates the Eighth Amendment. Petitioner raised this claim in the state courts on May 10, 2007, in a motion pursuant to Rule 3.851 of the Florida Rules of Criminal Procedure, which remains pending.

In light of *Baze v. Rees*, 128 S. Ct. 34 (2007), wherein the United States Supreme Court granted a petition for writ of certiorari as to the virtually the same claim, the Court finds that Petitioner has demonstrated that this claim is potentially meritorious. Moreover, Petitioner has demonstrated good cause for failing to exhaust this claim. Finally, the Court finds that there is no indication that Petitioner has engaged in intentionally dilatory litigation tactics. Petitioner raised this claim in the state courts before the instant case was reopened on May 25, 2007. For all of these reasons, the Court concludes that staying the instant action is appropriate pursuant to *Rhines*.

Accordingly, it is **ORDERED:**

(1)   Petitioner's Motion to Hold the Proceedings in Abeyance (Doc. No. 22) is **GRANTED**, and this case is **STAYED** pending final resolution of the pending state court proceedings.

(2)   Petitioner shall file a motion to reopen this case within **THIRTY (30) DAYS** after a final decision has been rendered regarding the state court proceedings. **The failure**

**to do so will result in dismissal of this case without further notice.**

    (3)    The Clerk of the Court is directed to administratively close this case.

**DONE AND ORDERED** at Orlando, Florida, this  13th   day of February, 2008.

                                                  */s/ Patricia C. Fawsett*
                                          PATRICIA C. FAWSETT, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT

Copies to:
sc 2/13
Counsel of Record