# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BOBBY A. RALEIGH,

      Petitioner,

v.                                      Case No. 6:07-cv-37-JA-GJK

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF
FLORIDA,

      Respondents.
_____

## ORDER

THIS CAUSE is before the Court on Respondent Secretary, Florida Department of Corrections' Motion for Reconsideration ("Motion," Doc. 86). Respondent moves for reconsideration of the Court's Order Granting Petitioner's Motion to Substitute Counsel ("Order," Doc. 85). Respondent argues that Petitioner is represented by the Office of the Capital Collateral Regional Counsel-Middle ("CCRC-M") in the state court and representation by both the Capital Habeas Unit ("CHU") and CCRC-M may result in conflict over which counsel should have former counsel Martin McClain's file.[1] Petitioner opposes

---

[1] CHU sought to be substituted as counsel in this closed habeas action because Mr. McClain died.

the Motion, contending Respondent failed to oppose the motion to substitute counsel and lacks standing to challenge the Order. *See* Doc. 89.

Respondent does not indicate the statutory basis on which it seeks reconsideration. Because the Motion was filed within twenty-eight days from the date of the Order, the Court assumes Respondent is proceeding under Rule 59 of the Federal Rules of Civil Procedure and will address the Motion accordingly.

Rule 59 permits courts to alter or amend a judgment based on "'newly-discovered evidence or manifest errors of law or fact.'" *Anderson v. Fla. Dep't of Envtl. Prot.*, 567 F. App'x 679, 680 (11th Cir. 2014) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "A manifest error is one that amounts to a 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Shuler v. Garrison*, 718 F. App'x 825, 828 (11th Cir. 2017) (quoting *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

Here, Respondent did not respond to Petitioner's Motion to Substitute Counsel. Respondent raises arguments in the Motion that should have been posited prior to the Court's disposition of Petitioner's Motion to Substitute Counsel. Moreover, Respondent has not established that it has standing to

2

challenge the Court's Order given that permitting CHU to be substituted as counsel of record in this closed habeas action did not cause any injury to Respondent. *See, e.g., Booker v. Sec'y, Fla. Dep't of Corr.*, 22 F.4th 954, 956–57 (11th Cir. 2022) (dismissing appeal based on lack of standing "because the district court's appointment of federal counsel caused no injury to the State"). Finally, the Court notes that it only allowed CHU to substitute as counsel of record for Petitioner's deceased counsel in this closed habeas action and in no way appointed CHU to represent Petitioner in relation to any state court matter. The Court is confident that any potential conflict that may occur between CHU and CCRC-M regarding which counsel should have possession of McClain's file can be resolved if, and when the issue arises. Accordingly, for these reasons, Respondent's Motion for Reconsideration (Doc. 86) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on January 9, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

3